IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY CROSBY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:08CR671DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant Gregory Crosby's motion for early termination of supervised release. On August 17, 2010, the court sentenced Defendant to 12 months and one day incarceration with the United States Bureau of Prisons followed by a 36-month term of supervised release. On August 18, 2011, Defendant was released from custody and began serving his term of supervised release. Therefore, Defendant's term of supervised release is not scheduled to terminate until August 17, 2014.

      Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and

the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services.  *See* 18 U.S.C. § 3553(a).

The court has contacted Defendant's probation officer and the Assistant United States Attorney on this case and has learned that they do not oppose early termination.  Defendant has complied with all the terms of his supervised release and, according to his probation officer, gone above and beyond what was expected of him.  Defendant has been engaged in two-and-a-half times as much service hours as was required.  He and his wife have also been assisting the probation office with the Pre-Trial Pathways program.  Defendant seeks early termination so that he and his wife can serve a full-time mission for their church.  The court believes that Defendant's conduct demonstrates that he has turned his life around.  Based on Defendant's conduct during his term of supervised release, the court finds that an early termination of supervised release is warranted.  Accordingly, the court grants Defendant's motion for early termination of supervised release.

DATED this 28th day of August, 2012.

BY THE COURT:

DALE A. KIMBALL
United States District Judge